IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| JON EARL PHELAN,<br>§ Petitioner,<br>§<br>v. §<br>§<br>NATHANIEL QUARTERMAN, Director,[1] §<br>Texas Department of Criminal Justice, §<br>Correction Institutions Division, §<br>§ Respondent. | Civil Action No. 4:06-CV-0122-Y |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE
### AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

## I. FINDINGS AND CONCLUSIONS

A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

B. PARTIES

Petitioner Jon Earl Phelan, TDCJ #1230077, is a state prisoner in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Dalhart, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal

---

[1] Effective June 1, 2006, Douglas Dretke was replaced by Nathaniel Quarterman as Director of the Texas Department of Justice, Correctional Institutions Division. Accordingly, Nathaniel Quarterman should be automatically substituted as Respondent. *See* FED. R. CIV. P. 25(d)(1). The clerk of Court is directed to docket and change the designation of the Respondent.

Justice, Correctional Institutions Division.

### C.  FACTUAL AND PROCEDURAL HISTORY

On March 18, 2004, pursuant to a plea agreement, Phelan waived his right to a jury trial, pled guilty to manslaughter and was sentenced to nine years' confinement in cause number 0922190 in the Criminal District Court Number Three of Tarrant County, Texas. (State Habeas R. at 145-57.)[2] On April 23, 2004, the state trial court held another hearing and entered an order amending its original judgment to include a deadly weapon finding. (*Id.* at 159.)  Phelan did not seek direct review of his conviction. (Petition at 3.)  Phelan has filed three applications for writ of habeas corpus in state court. The first, filed on July 22, 2004, was denied without written order by the Texas Court of Criminal Appeals on January 19, 2005. (State Habeas R. at cover.)  The second, filed on May 6, 2005, was dismissed by the Texas Court of Criminal Appeals as successive on August 17, 2005. *Ex parte Phelan*, Application No. 60,787-02, at cover.  Likewise, the third, filed on September 7, 2005, was dismissed by the Texas Court of Criminal Appeals as successive on November 23, 2005. *Ex parte Phelan*, Application No. 60,787-03, at cover. Phelan filed this petition on February 7, 2006.[3]

### D.  ISSUES

In three grounds, Phelan claims (1) his guilty plea was rendered involuntary as a result of the trial court's amendment to the original judgment to include a deadly weapon finding, (2) the trial court lacked jurisdiction to amend the original judgment more than thirty days after entry of the

---

[2]"State Habeas R." refers to the court record of Phelan's state habeas Application No. 60,787-01, at 145-57

[3]A pro se habeas petition is filed when the petition is delivered to prison authorities for mailing. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

judgment, (3) counsel was ineffective by failing to properly advise him regarding the effect of a deadly weapon finding and/or to object to the trial court's order amending its judgment, and (4) the amended judgment resulted in a double jeopardy violation. (Petition at 8.)

### E.  EXHAUSTION/PROCEDURAL DEFAULT

Quarterman believes that Phelan has failed to exhaust available state remedies as to one or more of his claims, as required by 28 U.S.C. § 2254(b)(1)(A), and/or that one or more of his claims, although exhausted, are procedurally barred. (Resp't Answer at 3-5.)

Applicants seeking habeas corpus relief under § 2254 are required to exhaust all claims in state court before requesting federal collateral relief. 28 U.S.C. § 2254(b)(1)(A); *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999). The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest court of the state. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-48 (1999); *Fisher*, 169 F.3d at 302; *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). In Texas, the highest state court for criminal matters is the Texas Court of Criminal Appeals. *Richardson v. Procunier*, 762 F.2d 429, 431-32 (5th Cir. 1985). Thus, a Texas prisoner may satisfy the exhaustion requirement by presenting both the factual and legal substance of a claim to the Texas Court of Criminal Appeals in either a petition for discretionary review or a state habeas corpus proceeding pursuant to article 11.07 of the Texas Code of Criminal Procedure in a procedurally proper manner. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (Vernon 2005); *Depuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988).

Phelan did not specifically raise his third claim in any of his state habeas applications, and the state courts have not addressed the claim on the merits. (State Habeas R. at 127-42.) Phelan argues that he exhausted the claim in his first state habeas application and cites the court to various

instances in his memorandum in support in which he asserts he raised the issue of ineffective assistance of counsel. (*Id.* at 7, 77, 87.) Phelan's memorandum, however, was lengthy and largely indecipherable and incoherent. Such fleeting references to the issue were not sufficient to alert the state court to his ineffective assistance claim. (*Id.* at 11-121.) Thus, for purposes of federal habeas review, the claim is unexhausted. Similarly, Phelan raised his second and fourth claims for the first time in his third state habeas application, which was dismissed by the Texas Court of Criminal appeals as successive.[4] *Ex parte Phalen*, Application No. WR-60,787-03, at cover, 7-8.

Phelan cannot now return to the Texas courts to cure these deficiencies. The Texas abuse-of-the-writ doctrine prohibits a successive habeas petition, absent a showing of cause, if the applicant urges grounds that could have been, but were not, raised in his first habeas petition. *Ex parte Barber*, 879 S.W.2d 889, 891 n.1 (Tex. Crim. App. 1994). This doctrine is an adequate state procedural bar for purposes of federal habeas review. *Cotton v. Cockrell*, 343 F.3d 746, 755 (5th Cir. 2003), *cert. denied*, 540 U.S. 1186 (2004); *Emery v. Johnson*, 139 F.3d 191, 195 (5th Cir. 1997); *Nobles v. Johnson*, 127 F.3d 409, 423 (5th Cir. 1997). Federal habeas corpus relief is unavailable in the face of a state procedural default unless the petitioner can show either (1) cause for the default

---

[4]Quarterman believes that Phelan raised his second claim in his first state habeas application, however, the undersigned is unable to locate a specific reference to the claim in Phelan's application and supporting memorandum nor did the state trial court address the jurisdictional question in its findings and conclusions. It is noted, however, that even if the claim had been properly raised, federal habeas relief does not lie to correct errors of state procedural law. *See Estelle v. McGuire*, 502 U.S. 62, 67 (1991). The question of whether the state trial court retained jurisdiction to amend, correct, or modify the original judgment in this case is a question of state procedural law and does not present a federal constitutional violation. *See Cappetta v. Wainwright*, 433 F.2d 1027, 1030 (5th Cir. 1970). In his reply, Phelan attempts to raise for the first time a federal constitutional due process claim. (Pet'r Reply at 11.) Not only has Phelan not exhausted this claim, he may not raise it for the first time in a reply to respondent's answer. The Texas Court of Criminal Appeals implicitly found that the state trial court had jurisdiction to amend the original judgment. This court must defer to that implicit finding. *See Weeks v. Scott*, 55 F.3d 1059, 1063 (5th Cir. 1995).

and actual prejudice, or (2) that the federal court's failure to consider the claim will result in a miscarriage of justice, *i.e.,* that the petitioner is actually innocent of the crime or of the sentence imposed. *Sawyer v. Whitley*, 505 U.S. 333, 339-40 (1992); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Finley*, 243 F.3d at 219-20.

Phelan has not demonstrated cause and prejudice to excuse his default nor has he demonstrated that failure to consider the claim will result in a miscarriage of justice, *i.e.,* that he is innocent of the crime or the sentence imposed.[5] Accordingly, Phelan's claims (2), (3), and (4) not properly raised in state court are procedurally barred from federal habeas review. Absent a showing of cause and prejudice or a miscarriage of justice, such showing not having been demonstrated, Phelan's claims (2), (3), and (4) are procedurally barred from this court's review. Thus, the following discussion is relevant only to claim (1) enumerated above.

F. DISCUSSION

1. Legal Standard for Granting Habeas Corpus Relief

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless he shows that the prior adjudication: (1) resulted in

---

[5]Phelan asserts that he did not raise the claims in his first state habeas application because he could not have discovered the factual predicate of the claims until after the state habeas court entered its findings and conclusions in the first state habeas proceeding, in which the state court determined that the plea agreement was to count three, which contained a deadly weapon allegation, instead of count two, which did not. Count three alleged aggravated assault of the victim with a deadly weapon. (State Habeas R. at 143.) Phelan asserts that the finding was erroneous and that there was no way he could have known that during the April 23 hearing the prosecutor was "actually changing the counts in the indictment." (Pet'r Reply at 4-8.) The record as a whole reflects the original plea agreement was to count two, and the order amending judgment and sentence does not amend or correct the convicted offense, only the finding as to use of a deadly weapon. (*Id.* at 156-59.) Thus, the erroneous finding did not result in any apparent prejudice to Phelan.

5

a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court of the United States on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). A state court decision will be an unreasonable application of clearly established federal law if it correctly identifies the applicable rule but applies it unreasonably to the facts of the case. *Williams*, 529 U.S. at 407-08.

Further, the statute requires that federal courts give great deference to a state court's factual findings. *Hill*, 210 F.3d at 485. Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. The applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Typically, when the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written order, as here, it is an adjudication on the merits, which is entitled to this presumption. *Neal v. Puckett*, 286 F.3d 230, 235 (5th Cir. 2002); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997.)

2. Voluntariness of Plea

Phelan claims the amended judgment rendered his guilty plea involuntarily because the amendment breached the plea agreement with the state that he would not be further prosecuted for the offense. (Petition at 13-14.)

6

A guilty plea must be a voluntary, knowing, and intelligent act done with sufficient awareness of the relevant circumstances and likely consequences surrounding the plea. *Brady v. United States*, 397 U.S. 742, 748 (1970). If a challenged guilty plea is knowing, voluntary, and intelligent, it will be upheld on federal habeas review. *James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995). Although a defendant's attestation of voluntariness at the time of the plea is not an absolute bar to later contrary contentions, it places a heavy burden upon him. *United States v. Diaz*, 733 F.2d 371, 373-74 (5th Cir. 1979). He must show such a strong degree of misunderstanding, duress, or misrepresentation by the court, prosecutor, or his own counsel that his plea would become a constitutionally inadequate basis for imprisonment. *Id.* (citing *Blackledge v. Allison*, 431 U.S. 63, 75 (1977)).

The record of the March 18, 2004, plea hearing reflects that Phelan agreed to plead guilty to count two in the indictment alleging manslaughter. (State Habeas R. at 143-54.) The state recommended a sentence of nine years, and the trial court followed the recommendation and entered judgment. (*Id.*) Although the indictment alleged use of a deadly weapon in commission of the offense in counts one, three, and four, a deadly weapon allegation was not included in count two.[6] Nor was there any mention of an affirmative deadly weapon finding in the plea papers, the reporter's record of the plea proceeding, or in the original judgment. (*Id.* at 135-38, 145-57.) On April 23, 2004, the trial court conducted another hearing, purportedly for the purpose of amending the judgment to make sure the paperwork matched the indictment. (*Id.* at 138.) During the hearing,

---

[6]The fact that count two did not expressly allege use of a deadly weapon does not vitiate the notice given in the indictment in its original form. Because Phelan was aware of the original four-count indictment against him, he was also on notice that the use of a deadly weapon would be a fact issue and would be sought by the state at his trial. *See Grettenberg v. State*, 790 S.W.2d 613, 614-15 (Tex. App. Crim. 1990).

7

Phelan agreed that it was his understanding when he pled guilty to manslaughter that there would be a deadly weapon finding and that he had no objection to the court amending the judgment to include such a finding. (*Id.* at 139-40.) Under the circumstances, the state habeas court concluded that Phelan understood he was pleading to an offense that included an affirmative deadly weapon finding and his plea was voluntarily, freely, and knowingly given. (*Id.* at 129; Pet'r Reply at 8-.) *Compare Ex parte Dopps*, 723 S.W.2d 669, 670-71 (Tex. Crim. App. 1986) (finding no evidence or record support for deadly weapon finding).

Phelan attempts to contradict his statements made during the April 23 hearing by now claiming that there was no agreement as to a deadly weapon finding. However, his mere assertion, after the fact, without proof, is not persuasive. *See Siao-Pao v. Keane*, 878 F. Supp. 468, 472 (S.D.N.Y. 1995); *see also, e.g., Panuccio v. Kelly*, 927 F.2d 106, 109 (2nd Cir. 1991) (a defendant's testimony after the fact suffers from obvious credibility problems). Phelan also urges that his statements at the hearing were irrelevant because the trial court lacked plenary jurisdiction to amend the judgment and that, had he known on April 23 that the trial court no longer had jurisdiction over his case, he would not have agreed to the amendment. (Pet'r Reply at 10-14.) His jurisdictional claim, however, is procedurally barred from and/or not cognizable on federal habeas review as discussed *infra*. Phelan has failed to demonstrate that the state court's determination was unreasonable in light of the evidence or contrary to clearly established federal law as determined by the Supreme Court on the issue. Accordingly, applying a deferential standard, Phelan's claim should be rejected.

## II. RECOMMENDATION

Phelan's first, third, and fourth claims should be dismissed with prejudice as procedurally

barred.   His second claim should be denied.

### III.  NOTICE OF RIGHT TO OBJECT TO PROPOSED
### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document.  The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until November 9, 2006.  The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made.  *See* 28 U.S.C. § 636(B)(1).  Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

### IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until November 9, 2006, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation.  It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to

the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED October 19, 2006.

/s/ Charles Bleil
_____
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE